UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RICHARD K. TERRELL                          CIVIL ACTION

VERSUS                                      NO: 08-4090

ROWAN DRILLING COMPANY, INC.                SECTION: J(5)

## ORDER

Before the Court are the following Motions in Limine: Plaintiff's **Motion in Limine to Exclude Portions of the Testimony of Dr. Christopher Cenac, (Rec. Doc. 41)**; Defendant's **Motion in Limine to Exclude or Limit Expert Testimony and Report of Paul Richard, (Rec. Doc. 43)**; and Defendant's **Motion in Limine to Limit Expert Testimony and Report of Plaintiff's Expert Economist, John Gardner, Ph.D., (Rec. Doc. 44)**.

After reviewing the record, applicable law, and the memoranda and motions of the parties, this Court finds as follows:

## I. Motion in Limine to Exclude Portions of the Testimony of Dr. Christopher Cenac

The issues raised in Plaintiff's motion in limine essentially deal with Dr. Cenac's credibility and the amount of weight that should be applied to his testimony. These concerns are better addressed by the trier of fact in the trial setting. See e.g. Scordill v. Louisville Ladder Group, L.L.C., 2003 WL 22427981 at *3 (E.D. La. Oct. 24, 2003) (stating the Court's role as gatekeeper does not replace the traditional adversary system,

or the jury's place within the system).  Accordingly, **IT IS ORDERED** that Plaintiff's **Motion in Limine to Exclude Portions of the Testimony of Dr. Christopher Cenac (Rec. Doc. 41)** is hereby **DENIED**.

II. **Motion in Limine to Exclude or Limit Expert Testimony and Report of Paul Richard**

This Court finds that Mr. Richard's testimony will not assist the Court, as the trier of fact, "to understand the evidence or determine any of the facts at issue" in this matter. Fed. R. Evid. 702.  Therefore, Mr. Richard's testimony does not satisfy the requirements of Rule 702.  Accordingly, his testimony should be excluded and **IT IS ORDERED** that Defendant's **Motion in Limine to Exclude or Limit Expert Testimony and Report of Paul Richard, (Rec. Doc. 43),** is hereby **GRANTED.**

III. **Motion in Limine to Limit Expert Testimony and Report of Plaintiff's Expert Economist, John Gardner, Ph.D.**

As noted in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

The objections raised by Defendant in its motion are akin to those that are properly presented during a "vigorous cross-examination."  Therefore, those objections are more properly addressed by the trier of fact in the trial setting.

2

Further, as stated in the Pretrial Notice Form, (Rec. Doc. 33-1), prior to the trial, Defendant's counsel can submit a request to Dr. Gardner to perform alternate calculations based on their data.

For these reasons, **IT IS ORDERED** that Defendant's **Motion in Limine to Limit Expert Testimony and Report of Plaintiff's Expert Economist, John Gardner, Ph.D., (Rec. Doc. 44),** is hereby **DENIED**.

New Orleans, Louisiana, this 1st day of April, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE